UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Omega Consulting, as Assignee of<br>Mike Albert Leasing, Inc.<br>**Plaintiff**<br><br>-v-<br><br>Lee Way Holding Company<br>Defendant | § § § § § § § § § § § | CASE NO. _____ 337 ___<br><br>VERIFIED COMPLAINT FOR<br>DAMAGES, BREACH OF<br>FIDUCIARY DUTY,<br>BREACH OF CONTRACT, GROSS<br>MISMANAGEMENT, WASTE |

COMES NOW, Omega Consulting, Plaintiff and Assignee of Mike Albert Leasing, Inc., and files this lawsuit against defendant Lee Way Holding Company for damages for breach of breach of fiduciary duty, breach of contract, gross mismanagement, and waste as those terms are understood in law.

## PARTIES

1. Omega Consulting, (hereinafter "Plaintiff") is the Assignee of Liquidation Services, Inc., and Plaintiff is a sole proprietorship organized and existing under the laws of the State of Texas and has a principal place of business at 7706 Pinebrook Drive; San Antonio, Texas 78230.

2. Defendant Lee Way Holding Company is a Delaware corporation whose last known address is in Ohio at 2605 Commercial Ln; Columbus, OH 43232.

## SERVICE

3. Pursuant to Ohio Revised Code 1701.88, process may be effecutated upon Lee Way Holding Company by delivering a copy to William Buckham, one of the the company's last known directors and its last known registered agent, at 103 Oakland Hills Court; Johns Creek, GA 30097.

## JURISDICTION

4. This Court has jurisdiction over this matter because of the nature of the lawsuit, and because the amount in controversy exceeds the minimum jurisdictional limits for the district courts of the State of Ohio. Additionally, Defendant is a Delaware corporation which maintained a business address in Columbus, Ohio.

## BACKGROUND FACTS

5. On July 24, 1987, Defendant, Lee Way Holding Company's certificate of authority to conduct business in Ohio was cancelled by the Ohio Secretary of State. On November 11, 1990, Defendant, Lee Way Holding Company's corporate chartered was canceled by the Division of Corporations for the State of Delaware.

6. On March 7, 1985, said Defendant filed a Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Ohio. That bankruptcy case closed on August 13, 1998. Since August 14, 1998, said defendant has not wound up its affairs under the state of Ohio's corporation statutes, nor under Delaware corporation statutes.

7. On or about May 19, 2008, Assignor, Mike Albert Leasing, Inc. discovered that defendant, Lee Way Holding Company continued to own valuable choses in action or rights to recover unclaimed corporate assets which could have been utilized to satisfy an outstanding obligation to said Assignor totaling Two Hundred Twenty-Five Six Hundred Ninety-One Thousand Dollars & Sixty-Six ($225,691.66), which represents original unpaid principle totaling Seventy Three Thousand Five Hundred Eighty-Seven Dollars & Sixty-Six Cents ($73,587.66), plus One Fifty-Two Thousand One Hundred Four Dollars ($152,104.00) in applicable interest. These assets

are reasonable believed to total at least One Hundred Ninety-Three Thousand Five Hundred Eight-Two Dollars & Seventy-Seven Cents ($193,582.77) held by the State of Texas' Unclaimed Property Division.

8.   Plaintiff declares under penalty of perjury that said corporation is indebted to plaintiff in the minimum amount of Two Hundred Twenty-Five Six Hundred Ninety-One Thousand Dollars & Sixty-Six ($225,691.66), and this debt and/or claim has not been paid.

9.   Since August 14, 1998, the Defendant Lee Way Holding Company's directors have abandoned all responsibility and obligation to wind up the defendant's affairs. Nevertheless, the defendant has continued to exist as an administratively dissolved corporation with an express responsibility to wind up such incidental affairs as provided in Ohio and Delaware corporation statutes. Corporate obligations have maintained their viability, and the defendant's directors continue to owe duty and obligations to the creditors like Plaintiff.

10.  Plaintiff shows that based on fundamental concepts of equity and general dissolution practice, the assets of a dissolved corporation belong to its creditors and such assets continue to be subject to claims that have not been addressed during the required winding up activity.

11.  Upon information and believe, Plaintiff believes that the Defendant Lee Way Holding Company is the legal owner of cash assets, and holder of a choses in action or claim in the amount of Two Hundred Twenty-Five Six Hundred Ninety-One Thousand Dollars & Sixty-Six ($225,691.66).

12.  Plaintiff would show that since the property described above reachable as a matter of equity and/or law by Defendant Lee Way Holding Company, and therefore said choses in action

is reachable and recoverable by Plaintiff and Assignee as the holder of claims, rights, and/or privileges against said defendant as a victim of breach of fiduciary duty, breach of contract, gross mismanagement, fraud, negligent, etc.

13. Plaintiff would show that as a direct result of Defendant Lee Way Holding Company's breach of fiduciary duty, breach of contract, fraud, overreaching, gross misfeasance, nonfeasance, negligence, and/or gross mismanagement, said defendant has failed to recover and utilize the unclaimed property assets described above for payment of obligations owed to Plaintiff.

14. Plaintiff would show that damages have been sustained as a result of Defendants action and/or inaction.

15. Assignor discovered in May 2008 that the Defendant Lee Way Holding Company had failed to wind up its affairs by recovering, reclaiming, and maximizing the benefit of certain choses in action, tangible property or unclaimed assets. The Assignor has assigned his rights, interests, and privileges to Omega Consulting.

16. Neither Ohio, nor Delaware corporation statutes show any effort by Defendant Lee Way Holding Company to embrace the winding up provisions of the corporation statutes by sending the notices to known creditors as contemplated under the provisions of such statutes.

### FIRST CAUSES OF ACTION
(For Breach of Fiduciary Duty & Breach of Contract)

17. Defendant Lee Way Holding Company had an express and unavoidable duty and obligation to gather any remaining assets and pay any remaining debts, including the damages described herein.

17. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

18. Defendant Lee Way Holding Company owed to Plaintiff a fiduciary duty to exercise due care in their oversight of the affairs of the company. The defendant's duty of care included, among other things:

    a. the duty to remain adequately informed of the company's affairs, policies, practices, and procedures;

    b. the duty to establish and maintain adequate internal controls to ensure that the company engaged in dissolution procedures in a prudent, reasonable and lawful manner;

    c. the duty to supervise management and make sure that management carried out the company's policies, practices, and procedures;

    d. the duty to act in the best interests of the company and/or its creditors;

    e. the duty to ensure that management acted in the best interests of the Company and/or its creditors;

    f. the duty to make informed decisions regarding the company's use and preservation of its assets;

    g. the duty to prevent waste of the company's assets;

    h. the duty to properly address and ensure resolution of significant issues that could adversely impact upon the equitable interests in the company's assets; and,

    i. the duty to properly oversee and guide the company in its financial and corporate

affairs.

19. In discharging these duties, Defendant Lee Way Holding Company was required to exercise reasonable care.

20. Defendant Lee Way Holding Company has willfully, recklessly, grossly and negligently breached its fiduciary duty of care to creditors, including the Assignor, among other things:

   a. failing to remain adequately informed regarding the gathering of assets and discharge of corporate liabilities;

   b. failing to implement appropriate measures to insure that compliance with Texas' statutory and common law obligations to discharge the company's liabilities from the available assets;

   c. failing implement appropriate measures to prevent the blatant failure of the company to pursue an acceptable dissolution process, leading to a deterioration and waste of corporate assets;

   d. failing to prevent company management from violating applicable federal and state laws, rules, and regulations, or the company's policies, practices, and procedures;

   e. failing to challenge inappropriate or potentially illegal conduct of management;

   f. failing to act in the best interests of the company and failing to ensure that management acted in the best interests of the company;

   g. failing to properly supervise company management in implementing appropriate and acceptable dissolution procedures;

    h.    failing to make informed decisions regarding the company's use and preservation of its assets;

    i.    exhibiting a conscious disregard and/or a reckless failure to address the known claims and liabilities of the company;

    j.    failing to prevent waste of the company's assets

21.    It is well settled under Ohio and/or Delaware law that a insolvent corporation, like Defendant Lee Way Holding Company, owes a duty to its creditors, including those such as Assignor, to gather the assets of the corporation and to discharge the liability owed to such Plaintiff. The company has breached this duty.

22.    Plaintiff would show that the actions of the Defendant Lee Way Holding Company are the result of willful mismanagement, gross negligence, and/or reckless disregard towards duties owed to creditors, including those such as Plaintiffs. Said company has intentionally, knowingly, and with conscious indifference failed to fulfill duties owed to creditors, including those like Plaintiff. With conscious indifference and/or intentional disregard and/or grossly negligent conduct, said company has allowed the assets of the corporation to be wasted and/or failed to take reasonable steps to ensure that the corporation's assets are utilized to discharge the liabilities owed to creditors, including those like Plaintiff.

## ACTUAL AND PUNITIVE DAMAGES

23.    As a direct and proximate result of defendant's breach of his fiduciary duties, as described in the previous paragraphs, Plaintiff has sustained damages that exceed this Court's minimum jurisdictional amounts. Those damages total at least Two Hundred Twenty-Five Six

Hundred Ninety-One Thousand Dollars & Sixty-Six ($225,691.66), which represents the original principle of Seventy Three Thousand Five Hundred Eighty-Seven Dollars & Sixty-Six Cents ($73,587.66), plus applicable interest for which damages, Plaintiff now sues.

24. Because the breach of fiduciary duty by the defendant is the result of willful mismanagement and/or gross negligence, and/or bad faith, then Plaintiff is entitled to punitive damages, for which damages Plaintiff now sues in the amount of $100,000, plus attorneys' fees and court costs.

## SECOND CAUSES OF ACTION
### (For Gross Mismanagement)

25. Plaintiff repeats and realleges each and every allegation set forth above in ¶s 1-16 as if fully set forth herein.

26. Defendant Lee Way Holding Company had a fiduciary duty to properly supervise, direct and control the operations of said company and the activities of its management to ensure that said company was operated in a prudent, reasonable and lawful manner.

27. Additionally, and without limiting the previous causes of action, during the relevant time period when the Defendant Lee Way Holding Company was required to properly manage the affairs of said defendant company, Defendant Lee Way Holding Company either (I) failed to properly supervise management, (ii) knew or recklessly disregarded the unreasonable conduct of the Defendant Lee Way Holding Company's management, and/or (iii) either approved such activities or, in bad faith, failed to take appropriate remedial measures to prevent or resolve them.

28. As a direct and proximate result of the gross mismanagement of the affairs of the Defendant Lee Way Holding Company, creditors like Assignor and its Assignee, have suffered

damages. Damages sought from said defendant, in this instance, total Two Hundred Twenty-Five Six Hundred Ninety-One Thousand Dollars & Sixty-Six ($225,691.66).

### THIRD CAUSE OF ACTION
**(For Waste Against Defendant and Does)**

29.     Plaintiff repeats and realleges each and every allegation set forth above in ¶s 1-16 as if fully set forth herein.

30.     Additionally, and without limiting the previous causes of action, Defendant Lee Way Holding Company had a fiduciary duty to creditors, like the Assignors and its Assignee, to properly supervise, direct and control the operations of the Defendant Lee Way Holding Company and the activities of management subsequent to its administrative dissolution to prevent any waste of the Defendant Lee Way Holding Company' assets.

31.     During the relevant time period when the Defendant Lee Way Holding Company was required to prevent waste of the Defendant Lee Way Holding Company' assets, the Defendants either:

>   (i) failed to properly supervise management,
>
>   (ii) knew or recklessly disregarded the unreasonable conduct of the Defendant Lee Way Holding Company' management as described herein, and/or
>
>   (iii) either approved such activities, or, in bad faith, failed to take appropriate remedial measures to prevent or resolve them.

32.     As a direct and proximate result of the Defendant Lee Way Holding Company's gross mismanagement of the affairs of Defendant Lee Way Holding Company, creditors like Assignor and its Assignee, suffered the damages as previously alleged herein.

33. By reason of the foregoing, Assignor suffered damages which rights thereto have been Assigned to Omega Consulting. Those damages total Two Hundred Twenty-Five Six Hundred Ninety-One Thousand Dollars & Sixty-Six ($225,691.66).

### REQUEST FOR TRIAL BY JUDGE

34. Plaintiff requests that this matter be tried before Judge, and reserves the right to request a jury trial.

### PRAYER

WHEREFORE, Plaintiff, Eric B. Dangerfield d/b/a Omega Consulting, as Assignee of Liquidation Services, Inc. prays that this Court enter appropriate orders as requested herein pursuant to law and equity for actual damages in the Total Amount of Two Hundred Twenty-Five Six Hundred Ninety-One Thousand Dollars & Sixty-Six ($225,691.66), plus attorney fees, costs, and punitive damages in the amount of One Hundred Thousand Dollars ($100,000).

Dated: 6-5-____, 2008

OMEGA CONSULTING, as Assignee of Mike Albert Leasing, Inc.

BY: _____
Eric Dangerfield, Pro Se
7706 Pinebrook Dr
San Antonio, Texas 78230
Tel-(210) 430-0649; Fax-(206) 888-4687
Email: omega77x7@yahoo.com

### NOTARY ACKNOWLEDGMENT

BEFORE ME, in the County of **BEXAR**, in the State of **TEXAS**, personally appeared **ERIC DANGERFIELD**, who provided valid identification and executed this instrument.

DATE: 6-5-08

NOTARY PUBLIC _____
MY Commission Expires: 6/28/11

MORDECHAI B. HELBON
MY COMMISSION EXPIRES
June 28, 2011

℺JS 44 (Rev 12/07)

# CIVIL COVER SHEET

37

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Omega Consulting, as Assignee of Mike Albert Leasing, Inc. | Lee Way Holding Company |
| (b) County of Residence of First Listed Plaintiff  BEXAR (TX)<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant  Hamilton, OH<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number)<br>Eric Dangerfield d/b/a Omega Consuting; 7706 Pinebrook Dr; San Antonio, Tx 78230; Tel-(210) 430-0649; Fax-(206) 888-4687 | Attorneys (If Known)<br>Unknown |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability  ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander  ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine  **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability  ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle  ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability  ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury  ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting  ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment  **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations  ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare  ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment  ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other  ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights  ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 U.S.C. 1391

Brief description of cause: Breach of Contract, Waste Management

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:   JURY DEMAND:  ☐ Yes  ☒ No

**VIII. RELATED CASE(S) IF ANY**  (See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  6-5-08   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 337 _____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___1___ COPIES OF AO FORM 85.

___6/6/08___                   ___Patrick Boyer___
(Date forms issued)            (Signature of Party or their Representative)

                               ___Patrick Boyer___
                               (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

# Ωmega
# CONSULTING

7706 Pinebrook Drive • San Antonio, Tx 78230 • Phone-(210) 430-0649 • Fax-(206) 888-4687 • omega77x7@yahoo.com

June 5, 2008

<u>Via Overnight Mail</u>
U.S. District Court for Delaware
ATTN: CLERK OF COURT / FILING DEPARTMENT
J. Caleb Boggs Federal Bldg
844 North King Street
Wilmington, DE 19801-3519

3 3 7

    Re:    Omega Consulting (a Texas business) vs. Lee Way Holding (a Delaware company)

        1.    Original Complaint
        2.    Cover Sheet
        3.    Summons

Dear Sirs\Madams:

Please find enclosed a complaint against the above-referenced company and filing fee. Three prospective summons are also included, along with a self addressed stamped envelope.

Thanks for your prompt attention.

Respectfully yours,

Eric Dangerfield, Pro Se

FILED
2008 JUN -6 AM 11:39
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE