FILED
CLERK, U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2008 AUG 18  AM 9:56

UNITED STATES DISTRICT COURT
THE DISTRICT OF DELAWARE (WILMINGTON)

| | | |
|---|---|---|
| Omega Consulting, as Assignee of<br>Mike Albert Leasing Inc<br>**Plaintiff**<br><br>-v-<br><br>Lee Way Holding Company<br>Defendant | § § § § § § § § § § § | CASE NO. 08-cv-00337-GMS<br><br>FIRST AMENDED VERIFIED<br>COMPLAINT FOR DAMAGES,<br>BREACH OF FIDUCIARY DUTY<br>BREACH OF CONTRACT,<br>GROSS MISMANAGEMENT,<br>WASTE |

COMES NOW, Omega Consulting, Plaintiff and Assignee of Mike Albert Leasing, Inc., and files this First Amended Verified Complaint against defendant Lee Way Holding Company for damages for breach of breach of fiduciary duty, breach of contract, gross mismanagement, and waste as those terms are understood in law.

## PARTIES

1.  Omega Consulting, (hereinafter "Plaintiff") is the Assignee of Mike Albert Leasing Inc, and Plaintiff is a sole proprietorship organized and existing under the laws of the State of Texas and has a principal place of business at 7706 Pinebrook Drive; San Antonio, Texas 78230.

2.  Defendant Lee Way Holding Company is a Delaware corporation whose last known address is in Ohio at 2605 Commercial Ln; Columbus, OH 43232.

## SERVICE

3.  Service of the original complaint was effectuated on July 8, 2008, and no response has been tendered thereto. Plaintiff files this amendment as a matter of course as provided by Rule

15 of the Federal Rules of Civil Procedure. A Certificate of Service verifying that a copy of this amended complaint has been served on defendant accompanies this complaint.

## JURISDICTION

4. This Court has jurisdiction over this matter because of the nature of the lawsuit, and because the amount in controversy exceeds the minimum jurisdictional limits for the district courts of the State of Ohio. Additionally, Defendant is a Delaware corporation which maintained a business address in Columbus, Ohio.

## BACKGROUND FACTS

5. On July 24, 1987, Defendant, Lee Way Holding Company's certificate of authority to conduct business in Ohio was cancelled by the Ohio Secretary of State. On November 11, 1990, Defendant, Lee Way Holding Company's corporate chartered was canceled by the Division of Corporations for the State of Delaware.

6. On March 7, 1985, said Defendant filed a Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Ohio. That bankruptcy case closed on August 13, 1998. Since August 14, 1998, said defendant has not wound up its affairs under the state of Ohio's corporation statutes, nor under Delaware corporation statutes.

7. Since on or about August 14, 1998, said Defendant has been indebted to Mike Albert Leasing, Inc in the actual amount of Two Hundred Twenty-Five Six Hundred Ninety-One Thousand Dollars & Sixty-Six ($225,691.66), which represents the aggregate of principle damages of Seventy Three Thousand Five Hundred Eighty-Seven Dollars & Sixty-Six Cents ($73,587.66), plus interest

at twelve percent (12%) per annum as provided by Ohio law totaling One Fifty-Two Thousand One Hundred Four Dollars ($152,104.00) in applicable interest.

8. Plaintiff alleges and declares that these damages are for products and/or services delivered to Defendant.

9. Plaintiff declares under penalty of perjury that said corporation is indebted to plaintiff in the minimum amount of Two Hundred Twenty-Five Six Hundred Ninety-One Thousand Dollars & Sixty-Six ($225,691.66), and this debt and/or claim has not been paid.

10. Since August 14, 1998, the Defendant Lee Way Holding Company has continued to exist as an administratively dissolved corporation with an express responsibility to wind up such incidental affairs as provided in Ohio and Delaware corporation statutes. Corporate obligations have maintained their viability, and the company continue to owe duty and obligations to the creditors like Plaintiff.

11. Plaintiff shows that based on fundamental concepts of equity and general dissolution practice that plaintiff is entitled to reduce its damages to judgment so that plaintiffs rights may be protected, and assets of the dissolved company may be pursued.

12. Plaintiff would show that since that remaining property belonging to Lee Way Holding Company is reachable as a matter of equity and/or law by Defendant Lee Way Holding Company, and therefore said choses in action are reachable and recoverable by Plaintiff and Assignee as the holder of claims, rights, and/or privileges against said defendant as a victim of breach of fiduciary duty, breach of contract, gross mismanagement, fraud, negligent, etc.

13. Plaintiff would show that as a direct result of Defendant Lee Way Holding Company's breach of fiduciary duty, breach of contract, fraud, overreaching, gross misfeasance, nonfeasance, negligence, and/or gross mismanagement, said defendant has failed to recover and utilize the company's remaining assets for payment of obligations owed to Plaintiff.

14. Plaintiff would show that damages have been sustained as a result of Defendants action and/or inaction.

15. Assignor discovered in May 2008 that the Defendant Lee Way Holding Company had failed to wind up its affairs by recovering, reclaiming, and maximizing the benefit of certain choses in action, tangible property or unclaimed assets. The Assignor has assigned his rights, interests, and privileges to Omega Consulting.

### FIRST CAUSES OF ACTION
(For Breach of Fiduciary Duty & Breach of Contract)

16. Defendant Lee Way Holding Company had an express and unavoidable duty and obligation to gather any remaining assets and pay any remaining debts, including the damages described herein.

17. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

18. Defendant Lee Way Holding Company owed to Plaintiff a fiduciary duty to exercise due care in their oversight of the affairs of the company. The defendant's duty of care included, among other things:

   a. the duty to remain adequately informed of the company's affairs, policies, practices, and procedures;

b. the duty to establish and maintain adequate internal controls to ensure that the company engaged in dissolution procedures in a prudent, reasonable and lawful manner;

c. the duty to supervise management and make sure that management carried out the company's policies, practices, and procedures;

d. the duty to act in the best interests of the company and/or its creditors;

e. the duty to ensure that management acted in the best interests of the Company and/or its creditors;

f. the duty to make informed decisions regarding the company's use and preservation of its assets;

g. the duty to prevent waste of the company's assets;

h. the duty to properly address and ensure resolution of significant issues that could adversely impact upon the equitable interests in the company's assets; and,

i. the duty to properly oversee and guide the company in its financial and corporate affairs.

19. In discharging these duties, Defendant Lee Way Holding Company was required to exercise reasonable care.

20. Defendant Lee Way Holding Company has willfully, recklessly, grossly and negligently breached its fiduciary duty of care to creditors, including the Assignor, among other things:

a. failing to remain adequately informed regarding the gathering of assets and discharge of corporate liabilities;

b. failing to implement appropriate measures to insure that compliance with Texas' statutory and common law obligations to discharge the company's liabilities from the available assets;

c. failing implement appropriate measures to prevent the blatant failure of the company to pursue an acceptable dissolution process, leading to a deterioration and waste of corporate assets;

d. failing to prevent company management from violating applicable federal and state laws, rules, and regulations, or the company's policies, practices, and procedures;

e. failing to challenge inappropriate or potentially illegal conduct of management;

f. failing to act in the best interests of the company and failing to ensure that management acted in the best interests of the company;

g. failing to properly supervise company management in implementing appropriate and acceptable dissolution procedures;

h. failing to make informed decisions regarding the company's use and preservation of its assets;

i. exhibiting a conscious disregard and/or a reckless failure to address the known claims and liabilities of the company;

j. failing to prevent waste of the company's assets

21.    It is well settled under Ohio and/or Delaware law that a insolvent corporation, like Defendant Lee Way Holding Company, owes a duty to its creditors, including those such as Assignor, to gather the assets of the corporation and to discharge the liability owed to such Plaintiff. The company has breached this duty.

22.    Plaintiff would show that the actions of the Defendant Lee Way Holding Company are the result of willful mismanagement, gross negligence, and/or reckless disregard towards duties owed to creditors, including those such as Plaintiffs. Said company has intentionally, knowingly, and with conscious indifference failed to fulfill duties owed to creditors, including those like Plaintiff. With conscious indifference and/or intentional disregard and/or grossly negligent conduct, said company has allowed the assets of the corporation to be wasted and/or failed to take reasonable steps to ensure that the corporation's assets are utilized to discharge the liabilities owed to creditors, including those like Plaintiff.

### ACTUAL

23.    As a direct and proximate result of defendant's breach of his fiduciary duties, as described in the previous paragraphs, Plaintiff has sustained damages that exceed this Court's minimum jurisdictional amounts. Those damages total at least Two Hundred Twenty-Five Six Hundred Ninety-One Thousand Dollars & Sixty-Six ($225,691.66), for which damages, Plaintiff now sues.

### SECOND CAUSES OF ACTION
(For Gross Mismanagement)

24.    Plaintiff repeats and realleges each and every allegation set forth above in ¶s 1-15 as if fully set forth herein.

25.     Defendant Lee Way Holding Company had a fiduciary duty to properly supervise, direct and control the operations of said company and the activities of its management to ensure that said company was operated in a prudent, reasonable and lawful manner.

26.     Additionally, and without limiting the previous causes of action, during the relevant time period when the Defendant Lee Way Holding Company was required to properly manage the affairs of said defendant company, Defendant Lee Way Holding Company either (I) failed to properly supervise management, (ii) knew or recklessly disregarded the unreasonable conduct of the Defendant Lee Way Holding Company's management, and/or (iii) either approved such activities or, in bad faith, failed to take appropriate remedial measures to prevent or resolve them.

27.     As a direct and proximate result of the gross mismanagement of the affairs of the Defendant Lee Way Holding Company, creditors like Assignor and its Assignee, have suffered damages. Damages sought from said defendant, in this instance, total Two Hundred Twenty-Five Six Hundred Ninety-One Thousand Dollars & Sixty-Six ($225,691.66).

## THIRD CAUSE OF ACTION
### (For Waste Against Defendant and Does)

28.     Plaintiff repeats and realleges each and every allegation set forth above in ¶s 1-16 as if fully set forth herein.

29.     Additionally, and without limiting the previous causes of action, Defendant Lee Way Holding Company had a fiduciary duty to creditors, like the Assignors and its Assignee, to properly supervise, direct and control the operations of the Defendant Lee Way Holding Company and the activities of management subsequent to its administrative dissolution to prevent any waste of the Defendant Lee Way Holding Company' assets.

30. During the relevant time period when the Defendant Lee Way Holding Company was required to prevent waste of the Defendant Lee Way Holding Company' assets, the Defendants either:

(i) failed to properly supervise management,

(ii) knew or recklessly disregarded the unreasonable conduct of the Defendant Lee Way Holding Company' management as described herein, and/or

(iii) either approved such activities, or, in bad faith, failed to take appropriate remedial measures to prevent or resolve them.

31. As a direct and proximate result of the Defendant Lee Way Holding Company's gross mismanagement of the affairs of Defendant Lee Way Holding Company, creditors like Assignor and its Assignee, suffered the damages as previously alleged herein.

32. By reason of the foregoing, Assignor suffered damages which rights thereto have been Assigned to Omega Consulting. Such Assignee will continue to suffer such damages unless relief is granted. Those damages total Two Hundred Twenty-Five Six Hundred Ninety-One Thousand Dollars & Sixty-Six ($225,691.66).

## REQUEST FOR TRIAL BY JUDGE

33. Plaintiff requests that this matter be tried before Judge, and reserves the right to request a jury trial.

## PRAYER

WHEREFORE, Plaintiff, Eric B. Dangerfield d/b/a Omega Consulting, as Assignee of Liquidation Services, Inc. prays that this Court enter appropriate orders as requested herein pursuant

to law and equity for actual damages in the Total Amount of Two Hundred Twenty-Five Six Hundred Ninety-One Thousand Dollars & Sixty-Six ($225,691.66), plus attorney fees, and costs.

Dated: August 16, 2008

OMEGA CONSULTING, as Assignee of Mike Albert Leasing, Inc.

BY: _____
Eric Dangerfield, Pro Se
7706 Pinebrook Dr
San Antonio, Texas 78230
Tel-(210) 430-0649
Fax-(206) 888-4687
Email: omega77x7@yahoo.com

### NOTARY ACKNOWLEDGMENT

Acknowledged and Signed Before me, on this day, personally appeared **ERIC DANGERFIELD**, who declared and signed this affidavit.

DATE: 16 August 2008

_____
NOTARY PUBLIC

SOMMER R. WEBB
Notary Public
State of Texas
Comm. Exp. 12-05-2010

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE (WILMINGTON)

| | |
|---|---|
| Omega Consulting, as Assignee of<br>Mike Albert Leasing Inc<br>    Plaintiff<br><br>    -v-<br><br>Lee Way Holding Company<br>    Defendant | § § § § § § § § § § |

CASE NO. 08-cv-00337-GMS

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing First Amended Verified Complaint For Damages, Breach of Fiduciary Duty, Breach of Contract, Gross Mismanagement, Waste" were duly served by ordinary mail, postage prepaid, on August 16, 2008, to:

> Lee Way Holding Company
> 2605 Commercial Lane
> Columbus, OH 43232
>
> Lee Way Holding Company
> 100 W. 10th Street
> Wilmington, DE 19801
>
> Lee Way Holding Company
> P.O. Box 12750
> Oklahoma City, OK 73108

BY _____
Eric Dangerfield d/b/a Omega Consulting, as
Assignee of Mike Albert Leasing Inc
7706 Pinebrook Dr
San Antonio, Texas 78230

2008 AUG 18 AM 9:55
FILED
CLERK, U.S. DISTRICT COURT
DISTRICT OF DELAWARE